USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 10/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOZEF GARAN,

Plaintiff,

-v-

SOCIAL SECURITY ADMINISTRATION,

Defendant.

1:25-cv-2530-GHW-SLC

MEMORANDUM OPINION & ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff Jozef Garan filed this action seeking review of his Social Security benefits after what he describes as years of repeated unsuccessful requests for answers from the Social Security Administration (the "SSA"). Frustrated by those efforts, Mr. Garan did not pursue the SSA's formal administrative review process because he believed reconsideration would be futile and unlikely to succeed. But his unsuccessful informal efforts to obtain answers do not establish that formal reconsideration would have been futile. Because Mr. Garan failed to exhaust his administrative remedies and has not established that exhaustion would be futile, the Court lacks subject matter jurisdiction over his claim and the SSA's motion to dismiss is GRANTED.

## I. BACKGROUND

Familiarity with the facts of this case is presumed. The reader is referred to the report and recommendation (the "R&R") for a comprehensive description of the facts and procedural history of this case. Dkt. No. 53. On March 27, 2025, Mr. Garan, proceeding *pro se*, filed a complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of the calculation of his Social Security benefits. Dkt. No. 1 ("Compl."). By an order dated April 1, 2025, the Court referred this matter to Magistrate Judge Sarah L. Cave for an R&R. Dkt. No. 7. The Social Security Administration ("Defendant" or the "SSA") moved to dismiss the complaint on January 5, 2026, asserting the Court

lacked subject matter jurisdiction.[1] Dkt. No. 41. Mr. Garan filed his opposition on March 6, 2026. Dkt. No. 50 ("Opp'n"). Defendant did not file a reply. On July 16, 2026, Magistrate Judge Cave issued an R&R, recommending that the Court grant Defendant's motion and dismiss the complaint without prejudice. R&R at 11.

Judge Cave found that the Court lacked subject matter jurisdiction under 42 U.S.C. § 405(g) for three reasons. First, she observed that "Section 405(g) 'assumes as a condition for judicial review' that the SSA has made a determination adverse to the claimant," R&R at 9 (quoting *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978)), and concluded that "the record reflects that Plaintiff seeks review of 'fully favorable determination[s],' which this Court lacks jurisdiction to review," *id.* at 9–10 (quoting *Figueroa v. Comm'r of Soc. Sec.*, No. 12 Civ. 07129, 2013 WL 3481317, at *3 (S.D.N.Y. July 11, 2013)).

Next, Judge Cave found that Mr. Garan did not exhaust his administrative remedies. *Id.* at 10. Specifically, Mr. Garan did not "allege[] in the Complaint, or assert[] in the Opposition, that he 'obtained a final decision from the Commissioner concerning a claim for benefits, that a hearing was held or that he complied with the administrative review process under the Act.'" *Id.* (quoting *Joseph v. Soc. Sec. Off.*, No. 16CV3377, 2017 WL 1078570, at *4 (E.D.N.Y. Mar. 20, 2017)). Although several SSA notices informed him that "he had a right to appeal, which he could exercise by filing a timely 'Request for Reconsideration' form," Mr. Garan acknowledged that he had not done so, and the SSA's record contains no evidence that he had. *Id.*

Finally, Judge Cave found that Mr. Garan had not shown that an exception to the exhaustion requirement applied, writing that "Plaintiff's claims are not 'collateral' to his demand for retirement benefits, he has not demonstrated that exhaustion would be futile, and since he is currently receiving

[1] Although Defendant's notice of motion described the motion as a motion to dismiss, its memorandum of law described it as one for summary judgment. Judge Cave construed Defendant's motion as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). R&R at 1 n.1.

benefits, he cannot show irreparable harm." *Id.* at 10–11. The R&R does not lay out the basis for those conclusions.

Mr. Garan filed timely objections to the R&R on July 30, 2026. Dkt. No. 54 ("Obj."). Mr. Garan explained that problems "concerning the calculations of [his] monthly retirement benefits and the Medicare Part B and other overcharges" arose "almost immediately" after he applied for benefits in May 2021. *Id.* at 1. He identified various issues, including missing payments and incorrect deductions, and stated that he was "repeatedly denied the documentation and information" that he requested. *Id.* Mr. Garan noted that if he received a response from the SSA, "it was merely and only to inform [him] that the calculations and amounts determined were correct." *Id.* at 2.

Mr. Garan explained that he filed this action "after the [l]ong passage of time, without cooperation or resolution" from the SSA. *Id.* He "did not seek or request reconsideration" because based on his "experience in this matter and the above history," "it would have been futile and costl[y]" to do so and would have had "little chance of success[]." *Id.* Mr. Garan thus requests "to be excused from having to exhaust my administrative remedie[s]," explaining that he "was led to believe that the exhaustion requirement could be waived if exhaustion would be futile." *Id.* The Court understands that Mr. Garan's principal objection is directed at the R&R's conclusion that exhaustion would not be futile.

The Court does not understand Mr. Garan to raise any other proper objection to the R&R. He reiterates that despite his efforts, the SSA failed to provide the requested information and documents and maintained that his benefits were calculated correctly, but Mr. Garan does not identify any finding in the R&R that those assertions undermine. *Id.* at 1–2. He also asserts that, on a motion to dismiss or for summary judgment, the Court must accept factual allegations as true and draw reasonable inferences in his favor, and that *pro se* litigants receive "more liberal treatment," but he does not identify any specific error in the R&R's statement or application of the governing

standards. *Id.* at 2. Finally, Mr. Garan asserts for the first time that he was "informed that ERISA deems the failure to provide information and/or documents requested an egregious Act" and that this "alone should deny the Dismissal." *Id.* at 3. Because he did not raise any ERISA argument before the magistrate judge, that new legal theory is not a proper objection to the R&R. Defendant did not file a response to Mr. Garan's objections.

## II. LEGAL STANDARD

### a. Standard of Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of the report and recommendation to which no party has properly objected. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1). When a party lodges a proper objection, the Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Nambiar*, 158 F.4th at 358–59. A proper objection is both timely and specific, meaning it must have "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar*, 158 F.4th at 359 (citation omitted). "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.* (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Id.* at 361. But objections that are "nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" warrant only

clear-error review. *Id.* (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)).

Finally, a "proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.* at 359; *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (citation omitted)).

**b. Motion to Dismiss**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also* Fed. R. Civ. P. 12(b)(1) ("[A] party may assert the following defense[] by motion: . . . lack of subject-matter jurisdiction."). The plaintiff, as the party "asserting subject matter jurisdiction[,] has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113). On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170. When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true "unless contradicted by more specific allegations or documentary evidence." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Section 405(g) of the Social Security Act grants federal courts jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The "final decision" requirement has two components: "the 'jurisdictional,'

non-waivable requirement that a claim for benefits has been presented to the Secretary" and "the 'waivable' requirement that the administrative remedies prescribed by the Secretary have been exhausted." *City of New York v. Heckler*, 742 F.2d 729, 734 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986). Where a plaintiff fails to exhaust administrative remedies and no exception to the exhaustion requirement applies, a court lacks subject matter jurisdiction to review those claims. *See, e.g.*, *Smith v. Schweiker*, 709 F.2d 777, 779–81 (2d Cir. 1983); *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 73–74 (2d Cir. 2008).

Because Mr. Garan is proceeding *pro se*, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ."). Courts must afford *pro se* plaintiffs "'special solicitude' before granting motions to dismiss." *Quadir v. N.Y. State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

## III. DISCUSSION

The Court reviews the R&R's findings to which Mr. Garan has not properly objected for clear error and reviews its futility determination *de novo*. As explained below, the Court finds no clear error in the R&R's conclusion that Mr. Garan failed to exhaust his administrative remedies but finds an issue requiring *de novo* review in its conclusion that he seeks review of fully favorable determinations. The Court nevertheless finds after *de novo* review that Mr. Garan has not established

that exhaustion would be futile. Accordingly, the Court adopts the R&R's recommendation that the motion to dismiss be granted.

**a. Clear Error Review**

Mr. Garan did not object to the R&R's finding that he failed to exhaust administrative remedies, and finding no clear error, the Court adopts the R&R's analysis and conclusion on this point. Mr. Garan also did not object to the R&R's finding that the Court lacks jurisdiction because he "seeks review of 'fully favorable determination[s].'" R&R at 9–10 (quoting *Figueroa*, 2013 WL 3481317, at *3). The Court, however, declines to adopt the analysis and conclusion contained in this portion of the R&R.

The R&R's analysis begins from the proposition that "Section 405(g) 'assumes as a condition for judicial review' that the SSA has made a determination adverse to the claimant" and makes "no provision for judicial review of a determination favorable to the complainant." *Id.* at 9 (quoting *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978)). The R&R also cites *Wheeler v. Heckler*, 719 F.2d 595, 600 (2d Cir. 1983), for the related proposition that "judicial review of favorable decisions is generally unavailable." *Id.* Applying those principles, the R&R observed that the "Award Notice *granted* Plaintiff retirement benefits," subsequent SSA communications "confirmed that Plaintiff was receiving the maximum possible amount in light of his past earnings," and "the January 29, 2024 letter *granted his* request to 'begin deducting [his] Medicare prescription drug plan costs from [his] monthly benefit.'" *Id.* (emphasis in original). Therefore, the R&R concludes that Mr. Garan "seeks review of 'fully favorable determination[s],' which this Court lacks jurisdiction to review." *Id.* at 9–10 (quoting *Figueroa*, 2013 WL 3481317, at *3).

While the R&R correctly observes that Section 405(g) assumes as a condition for judicial review an adverse determination by the SSA, Mr. Garan is not seeking review of fully favorable determinations. An award of benefits is not a "fully favorable determination" where the claimant

maintains that the amount awarded was incorrect. In *Jones v. Califano*, which the R&R cites, the plaintiffs challenged a calculation method that resulted in "deficient SSI payments," 576 F.2d at 14–15, and the Second Circuit later explained that the "class of claimants allowed to proceed in *Jones* had been denied the benefits they sought." *Wheeler*, 719 F.2d at 600. Courts reviewing claims under Section 405(g) have treated the SSA's determination that a claimant is receiving the maximum available benefit as adverse where the claimant disputes that determination. *See, e.g.*, *Petre v. Comm'r of Soc. Sec.*, No. 13-CV-2657, 2015 WL 6971212, at *1–2 (E.D.N.Y. Nov. 9, 2015) (describing as an "adverse determination" an ALJ's decision affirming the SSA's determination that plaintiff was receiving the "highest possible benefit amount"); *Kast v. Astrue*, No. 10-CV-3762, 2012 WL 394831, at *1 (E.D.N.Y. Feb. 7, 2012) (reviewing final decision affirming SSA's determination that plaintiff was receiving the "maximum possible retirement benefits"); *Alexandrou v. Sullivan*, 764 F. Supp. 916, 917–18 (S.D.N.Y. 1991) (reviewing final decision affirming SSA's determination that plaintiff was receiving the "maximum amount to which he was entitled").

Here, the record does not permit the Court to find at this time that Mr. Garan seeks review of "fully favorable determinations." Although the May 3, 2021 Award Notice granted him retirement benefits, Dkt. No. 42-2, Mr. Garan challenges the amount of those benefits, Compl. at 5. He made several inquiries to the SSA regarding his benefit calculations, and many of the SSA's responses stated that the calculations were correct. The April 24, 2022 letter informed him that the amounts shown on his 2021 Social Security Benefit Statement were correct. Dkt. No. 42-3. The December 10, 2022 letter informed him that his monthly benefit was correct. Dkt. No. 42-5. The October 15, 2023 letter responding to his "request for review" of his Medicare premiums informed him that he had "correctly paid" all premiums and was "not due any additional premium refund." Dkt. No. 42-6. And the November 6, 2024 response to Mr. Garan's request that the SSA "refigure [his] monthly benefit amount" stated that, after reviewing his work history, the SSA determined that

he was "getting the highest possible amount" based on his earnings. Dkt. No. 42-9. Although the SSA affirmed its calculations, Mr. Garan contends that the calculations were incorrect and that he was not granted the relief to which he was entitled. The Court cannot resolve this disputed issue on the record presented to it. Accordingly, the Court does not adopt the R&R's conclusion that Mr. Garan is seeking review of fully favorable determinations.

**b. Plaintiff's Objection**

Mr. Garan has objected to the R&R's finding that "he has not demonstrated that exhaustion would be futile." R&R at 11. The R&R does not detail the basis for this conclusion. But the Court, having analyzed futility *de novo*, adopts the R&R's conclusion that Mr. Garan has not established futility. "Exhaustion is the rule, waiver the exception." *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). A failure to exhaust administrative remedies may be excused "where plaintiff's legal claims are collateral to the demand for benefits, where exhaustion would be futile, or where the harm suffered pending exhaustion would be irreparable." *Heckler*, 742 F.2d at 736. "[S]aying that exhaustion would be futile is merely another way of stating that the policies underlying the exhaustion requirement do not apply in a given case." *Abbey*, 978 F.2d at 45. Exhaustion serves various purposes, including "prevent[ing] premature interference with agency processes," giving the agency "an opportunity to correct its own errors," and allowing a claim to benefit from further factual development or the agency's "experience and expertise." *See Heckler*, 742 F.2d at 737 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

"[T]he policy of permitting an agency to correct its own errors is chimerical when the challenge is to regulations promulgated and consistently enforced by the agency, and which the agency has either no power, or no inclination, to correct. In this context, exhaustion would serve no legitimate purpose, i.e., it would be futile." *Abbey*, 978 F.2d at 45 (citation omitted). By contrast, "[t]he policies favoring exhaustion are most strongly implicated by actions . . . challenging the

*application* of concededly valid regulations." *Id.* An agency's "mere deviation from the applicable regulations . . . [is] fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation." *Id.* (quoting *Bowen*, 476 U.S. at 484–85). Finally, "the expense and delay of completing the administrative process will not ordinarily justify waiver." *Id.* at 46.

Mr. Garan's opposition argued that "[b]y reason of [his] experience and the above history, [he] did not request Reconsideration, but instead commenced [his] lawsuit because [he] deemed it would have been futile and costly to do so and had little chance of success," Opp'n at 2–3, and his objections renewed that argument, Obj. at 1–2. But Mr. Garan's past interactions with the SSA do not establish that administrative review could not have corrected the asserted errors or developed the factual record necessary to resolve them.

Mr. Garan's claims concern individualized disputes about the calculation and payment of his benefits. He alleges that the SSA miscalculated his retirement benefits, improperly deducted insurance premiums, failed to replace missing checks, and incorrectly recorded his earnings and payment history. Compl. at 9–18. His claims challenge the application of the SSA's rules to his individual circumstances, not the validity of those rules. The policies favoring exhaustion are particularly strong in those circumstances because errors in applying otherwise valid regulations may be corrected through administrative review. *See Abbey*, 978 F.2d at 45.

Mr. Garan bases his futility argument on the SSA's handling of his earlier inquiries. He argues that he repeatedly asked the SSA for the records and calculations underlying his benefits, and the responses he received simply maintained that the agency's calculations were correct without providing the information he sought. Opp'n at 2–3; Obj. at 1–2. But a request for reconsideration is the means to challenge those conclusions in the first instance. A new decision-maker would review the determinations that Mr. Garan disputed, consider any new facts, and correct any

mistakes. Dkt. No. 42-2 at 3. That review could have addressed whether the SSA had relied on the correct records and developed the factual record necessary to resolve Mr. Garan's disputes.

The fact that Mr. Garan had already spent considerable time seeking answers through meetings, calls, and letters without success does not establish that formal administrative review was incapable of providing the relief he sought. Mr. Garan also argues that the SSA's failure to resolve his concerns even after he filed this action "further confirm[s] that exhaustion of remedies would have been costly and futile." Obj. at 2. But the SSA's defense of this litigation does not suggest that its formal review process could not have provided relief. The premise of the SSA's argument is that the review process was available and that Mr. Garan was required to use it. Finally, Mr. Garan argues that exhaustion would have been costly, but "the expense and delay of completing the administrative process will not ordinarily justify waiver." *See Abbey*, 978 F.2d at 46. Therefore, Mr. Garan has not demonstrated that exhaustion would be futile, and his failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction to review his claim.

## IV. CONCLUSION

For the reasons described above, Defendant's motion to dismiss is GRANTED, and the complaint is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment in favor of Defendant, terminate all pending motions, close the case, and mail a copy of this order to Mr. Garan.

SO ORDERED.

Dated: October 8, 2026
New York, New York

GREGORY H. WOODS
United States District Judge