USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 11/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOZEF GARAN, Plaintiff, | : | 1:25-cv-2530-GHW |
| -v- | : | ORDER |
| SOCIAL SECURITY ADMINISTRATION, Defendant. | : | |

GREGORY H. WOODS, United States District Judge:

On October 8, 2026, the Court granted Defendant Social Security Administration's motion to dismiss for lack of subject matter jurisdiction and dismissed Plaintiff Jozef Garan's complaint without prejudice. Dkt. No. 55. The Clerk of Court entered judgment on October 9, 2026. Dkt. No. 56. On October 30, 2026, Plaintiff filed a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Dkt. No. 57. Plaintiff states that he is "confused" by the judgment, which he understands to deny him "the right to Appeal because apparently if I do so, it would be taken as an act of bad faith on my part," despite the accompanying letter informing him of his right to appeal. *Id.* at 1–2. He also states that he has "no record of receiving the October 8/2026 Opinion and Order" mentioned in the judgment. *Id.* at 2. Because an extension of time to appeal is not warranted at this time, Plaintiff's motion is DENIED.

In a civil case, where a United States agency is a party, a plaintiff has 60 days after entry of judgment or order appealed from to file a notice of appeal. Fed. R. App. P. ("FRAP") 4(a)(1)(B). The Court may extend the time to file a notice of appeal:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FRAP 4(a)(5)(A). Here, because Defendant is a United States agency, Plaintiff has 60 days from the entry of judgment to file a notice of appeal. Judgment was entered on October 9, 2026; therefore, Plaintiff's deadline to file a notice of appeal is December 8, 2026. Because Plaintiff may still file a timely notice of appeal without an extension, and he has not demonstrated why he cannot do so within the time remaining, his motion for an extension of time is denied without prejudice.

The Court also clarifies the effect of its certification under 28 U.S.C. § 1915(a)(3) that an appeal from the October 8, 2026 order would not be taken in good faith. Dkt. No. 55 at 11. A litigant demonstrates "good faith" in this context when he "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The certification concerns whether Plaintiff may proceed *in forma pauperis* ("IFP") on appeal, meaning without prepaying the appellate filing fees. The certification does not prevent Plaintiff from filing a notice of appeal or foreclose his right to request IFP status from the Second Circuit on appeal. *See United States v. Kosic*, 944 F.3d 448, 449 (2d Cir. 2019).

Finally, the docket reflects that the October 8, 2026 opinion, which Plaintiff states he did not receive, was mailed to him on October 9, 2026, and the October 9, 2026 judgment, which Plaintiff did receive, was mailed to him on October 14, 2026. Both documents were mailed to the same address. Nevertheless, the Court will direct the Clerk of Court to mail Plaintiff another copy of the October 8, 2026 opinion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge*, 369 U.S. at 444–45.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 57 and to mail

copies of this order and the Court's memorandum opinion and order at Dkt. No. 55 to Plaintiff.

SO ORDERED.

Dated: November 6, 2026
New York, New York

GREGORY H. WOODS
United States District Judge